UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| WALTER L. WOOD, § | |
| § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. 7:16-CV-470 |
| VS. § | |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner Walter L. Wood, a state prisoner proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) In 2013, Petitioner was convicted on several state charges and sentenced to serve concurrent ten-year prison terms in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). In seeking federal habeas relief, Petitioner does not challenge his convictions or sentences, but rather his claims all address a 2015 prison disciplinary proceeding that resulted in several types of punishment, including temporary loss of various privileges and 15 days' solitary confinement.

Pending before the District Court is Respondent's Motion for Summary Judgment. (Docket No. 5.) Respondent argues that the petition should be dismissed because Petitioner failed to fully exhaust his remedies and because he "does not possess a liberty interest in his good time credits since he did not lose any good time and [because] his claims are procedurally barred." (*Id.* at 1, 4-7.) Petitioner has not filed a response to the motion.

After carefully considering the pleadings in this case, the state court record, and the applicable law, the undersigned concludes that Respondent is correct that Petitioner has failed to

exhaust his state court remedies and that this action is thus not properly before the Court. Accordingly, for the reasons discussed further below, it is recommended that Respondent's motion for summary judgment be granted and that this action be dismissed without prejudice.

## I. BACKGROUND

In September 2013, Petitioner was convicted in Lubbock County, Texas, for possession of a controlled substance, theft over $20,000, and being a felon in possession of a firearm. (Docket No. 5-2, at 2-3.) He was sentenced to ten (10) years' confinement as to each charge. (*Id.*) In May 2015, Petitioner was caught at the prison in possession of contraband, "namely, copies of 1040EZ blank [tax] forms." (Docket No. 6-2, at 4.) After a disciplinary hearing was held regarding the violation, Petitioner was found guilty and as punishment received a loss of visitation, commissary, and telephone privileges for 45 days, cell restriction for 45 days, 15 days in solitary confinement, and a reduction in his class designation from S2 to S4. (Docket No. 6-2, at 3, 13.) Petitioner then filed two separate Step 1 grievances challenging the punishment. (Docket No. 6-1, at 3-7.) Both of Petitioner's Step 1 grievances were denied, and his punishment was upheld. (Docket No. 6-1, 7.)

On July 29, 2016, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the prison disciplinary proceedings. (Docket No. 1.) In his petition, Petitioner asserts the following four claims: 1) his due process rights were violated during Step One of the disciplinary proceeding; 2) he received ineffective assistance of counsel during his disciplinary proceedings; 3) his privacy rights were violated by the unlawful opening of his legal mail; and 4) his right to liberty was violated because his parole was "taken away." (Docket No. 1, at ¶ 20 (Grounds One through Four).)

Petitioner acknowledges that after his Step 1 grievance was dismissed and his punishment was upheld, he decided not to file a Step 2 grievance or take any other action. (*Id.* at 6.) Petitioner explains that his decision not to pursue his grievance to Step 2 was a result of "Captain Rodden Beck" telling him that "it would be in [his] best interest not to push the issue." (*Id.*)

## II. ANALYSIS

Respondent argues that Petitioner's § 2254 action should be dismissed because he has failed to exhaust his state remedies as required by 28 U.S.C. §§ 2254(b), (c). (Docket No. 5, at 4-7.) Section 2254(b)(1)(A) provides that an application for writ of habeas corpus "shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." Section 2254(c) further explains:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

As the Supreme Court has noted, this exhaustion requirement gives "the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Under § 2254(b), a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Consistent with this, the Fifth Circuit has held that Texas prisoners must exhaust the TDCJ grievance process before seeking federal habeas corpus review of disciplinary matters. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (citing *Baxter v. Estelle*, 614 F.2d 1030, 1031–32 (5th Cir. 1980) ("[A] federal court may not grant habeas corpus relief to a petitioner who has failed to exhaust all administrative remedies, including an appeal to the Director of

3

Corrections."); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978) (holding that a Texas prisoner who had not exhausted "his clearly available administrative remedies" was properly denied habeas relief in the district court)). To exhaust TDCJ's two-step grievance procedure, a prisoner raise the relevant issues in both Step One and Step Two of the grievance process. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir., 2004) ("[t]his court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted") (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001)).

Here, after Petitioner's Step 1 grievance was denied, he chose to forgo his right to file a Step 2 grievance. Petitioner explains that he failed to file a Step 2 grievance "due to [the] statement made by Captain [Richard Rodenbeck] [that] it would be in [his] best interest not to push the issue."[1] (Docket No. 1, at 6.) Petitioner offers no other information regarding the circumstances surrounding Captain Rodenbeck's statement to him.

To be sure, there are exceptions to the exhaustion requirement. "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). "However, exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,' and [Petitioner] bears the burden of demonstrating the futility of administrative review." *Fuller*, 11 F.3d at 62 (citing *Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir.1992)).

Here, Petitioner has failed to meet his burden to establish that his failure to exhaust the available remedies was due to "extraordinary circumstances." Even assuming (without deciding)

---

[1] Although Petitioner identifies this person as "Captain Rodden Beck," it appears from the record that he is referring to Captain Richard Rodenbeck. (*See* Docket No. 6-1 at 3.)

4

that Captain Rodenbeck told Petitioner "not to push the issue," such a statement would not constitute an "extraordinary circumstance," particularly since Captain Rodenbeck was not the decision-maker for Petitioner's grievance. In addition, the record reflects that Petitioner recited the same allegation about Captain Rodenbeck in his Step 1 grievance. (Docket No. 6-1 at 4 ("Rodenback clearly told me to not push the issue"). Since Petitioner had already made this allegation in his Step 1 grievance, it cannot be viewed as an "extraordinary circumstance" that prevented him from filing a Step 2 grievance.

There is no dispute here that Petitioner failed to exhaust his remedies when he failed to file a Step 2 grievance. As such, he is not entitled to federal habeas corpus review at this time.[2]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment (Docket No. 5) be GRANTED, that Petitioner's § 2254 habeas petition (Docket No. 1) be DENIED, and that this action be DISMISSED without prejudice. For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

---

[2] In any event, should Petitioner's § 2254 petition be read as an attack on the punishment he received after being found guilty of possession of contraband, such an attack would not result in relief on federal habeas review. As noted, after a disciplinary hearing was held regarding the violation, Petitioner was found guilty and as punishment received a loss of visitation, commissary, and telephone privileges for 45 days, cell restriction for 45 days, 15 days in solitary confinement, and a reduction in his class designation from S2 to S4. (Docket No. 6-2, at 3, 13.) While "prisoners do not shed all constitutional rights at the prison gate," not all "state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995). As the Supreme Court recognized in *Sandin*, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. The Supreme Court's rationale applies with equal force here. *See id.* at 486 ("discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"); *see also Madison v. Parker*, 104 F.3d 765, (5th Cir. 1997) ("30 day commissary and cell restrictions as punishment . . . do not implicate due process concerns.").

5

## **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; see also *Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that all of Petitioner's claims should be dismissed because he failed to exhaust his state court remedies. Accordingly, Petitioner is not entitled to a COA.

### **NOTICE TO THE PARTIES**

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on August 25, 2017.

_____
Peter E. Ormsby
United States Magistrate Judge