UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| WALTER L. WOOD, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. M-16-470 |
| | § | |
| LORIE DAVIS, | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Walter L. Wood's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which had been referred to the Magistrate Court for a report and recommendation. On August 25, 2017, the Magistrate Court issued the Report and Recommendation, recommending that Respondent's motion for summary judgment be granted, that Petitioner's § 2254 habeas petition be denied, that Petitioner be denied a certificate of appealability, and that this action be dismissed without prejudice. The time for filing objections has passed and no objections have been filed.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report and Recommendation for clear error.[1] Finding no clear error, the Court adopts the Report and Recommendation in its entirety. Accordingly, it is hereby ORDERED that Respondent's Motion for Summary Judgment is GRANTED, that Petitioner's Petition for Writ of Habeas Corpus Pursuant to § 2254 is DENIED, that Petitioner is denied a certificate of appealability, and that this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 21st day of September, 2017.

_____
Micaela Alvarez
United States District Judge

---

[1] As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Douglas v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996) (quoting FED. R. CIV. P. 72(b) advisory committee's note (1983)) *superceded by statute on other grounds by* 28 U.S.C. § 636(b)(1), *as stated in* ACS Recovery Servs., Inc. v. Griffin, No. 11-40446, 2012 WL 1071216, at *7 n.5 (5th Cir. Apr. 2, 2012).